**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **GARY LEE BROOKS**, Petitioner, vs. **UNITED STATES OF AMERICA**, Respondent. | **No. 15-CV-4021-DEO** **INITIAL REVIEW ORDER** |

Before the Court is a pro se pleading filed by Gary Brooks [hereinafter Mr. Brooks]. Mr. Brooks' pro se motion is an application for relief pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody. Mr. Brooks' filing states that he has a claim for habeas relief based upon new evidence. Docket No. 1. Mr. Brooks is currently incarcerated pursuant to a conviction related to the distribution of Methamphetamine. See 09-CR-4058-DEO, Docket No. 47.

**I. ANALYSIS**

The Court notes that Mr. Brooks previously filed a pro se 28 U.S.C. § 2255 Petition related to his present incarceration for methamphetamine distribution. See 11-CV-4096-DEO, Docket No. 1, filed on October 31, 2011. On that date, the Court appointed Mr. Brooks counsel. 11-CV-4096-DEO, Docket No. 2.

On October 29, 2013, the Court entered an Order denying Mr. Brooks' Petition for 28 U.S.C. § 2255 habeas relief. 11-CV-4096-DEO, Docket No. 30. The 8th Circuit Court of Appeals subsequently affirmed this Court's ruling. 11-CV-4096-DEO, Docket No. 43.

Under the Code, a party may not bring a successive 28 U.S.C. § 2255 habeas action without obtaining leave from the 8th Circuit Court of Appeals. 28 U.S.C. § 2255 states that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See also Rule 9 of the Rules Governing Section 2255 Cases, which states that:

> Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion...

There is no evidence that Mr. Brooks has obtained leave from the 8th Circuit to file a successive habeas action. Accordingly, this Court cannot allow Mr. Brooks' present action to proceed.

**II. RULE 22B**

To get permission to file a second successive habeas petition, Mr. Brooks must comply with Rule 22B of the 8th Circuit's Local Rules. That Rule states:

> (a) In any application for second or successive habeas corpus relief or for second or successive motion under 28 U.S.C. § 2255 which is filed in this court, the petitioner or movant must provide the following information:
>
> (1) the grounds for relief;
>
> (2) if available, the filing dates, captions, docket numbers, and courts where all prior habeas proceedings or section 2255 motions and appeals were filed; and
>
> (3) the outcome of all former habeas proceedings or section 2255 motions and appeals, including whether any prior petition was dismissed without prejudice or for failure to exhaust state remedies.

(b) The clerk will electronically serve a copy of the application for second or successive habeas petition or section 2255 motion on the appropriate state attorney general or United States attorney.

(c) The state attorney general or United States attorney must file a response within 14 days of receipt of the application for second or successive habeas petition or section 2255 motion. The response must include:

> (1) a brief response to the grounds for relief stated by petitioner or movant;
>
> (2) information petitioner or movant has not supplied under Rule 22B(a)(2) and (3) of these local rules; and
>
> (3) copies of orders and memorandum opinions in all former habeas proceedings and section 2255 motions filed by petitioner or movant if the orders and opinion are not available electronically through PACER or Westlaw.

(d) Applications and responses are limited to 20 pages.[1]

---

[1] See 8th Circuit Court of Appeals Local Rules available at http://media.ca8.uscourts.gov/newrules/coa/localrules.pdf

Mr. Brooks' current claim must be denied until he complies with the above stated rule and obtains permission from the 8th Circuit to proceed.

**III. CONCLUSION**

Because Mr. Brooks has not sought leave to file a successive habeas petition from the 8th Circuit, his Petition must be dismissed.

**IT IS SO ORDERED** this 23rd day of March, 2015.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa